JONES S. KELLEY *vs.* CHARLES A. NEALLEY.

Penobscot.    Opinion March 4, 1884.

*Statute of Limitation.    Fraudulent concealment.    Estoppel.*

K clothed N with the possession and the apparent ownership of a large amount of unsurveyed lumber, upon the latter's express promise and agreement to account for it truly.    *Held*, that for N to take any portion of that lumber without survey, and convert it to his own use, and then to conceal the fact and omit to give K credit for the lumber so taken, is fraudulent in its inception and fraudulently concealed; and against such a cause of action so created and so concealed the statute of limitations will not commence to run until K has discovered the wrong that has been done him.    *Held further*, that K is not precluded from recovery in assumpsit for the logs so taken by reason of former litigation between the parties when it appears that the logs sued for were not included in such former litigation, which, in fact, terminated before K had knowledge of this cause of action.

ON REPORT.

Assumpsit on an account annexed for lumber.

In addition to the facts stated in the opinion the report states : " The fact that three hundred and sixteen logs more came through the boom in 1873 than were surveyed could have been ascertained by the plaintiff, had he consulted the books of the boom, which are kept open to inquiry and inspection.  .  .  .  The plaintiff did not consult the officers of the boom, or its books, in relation to the logs of 1873, or for any purpose, and had no suspicion of any error or omission until in the year 1877."

*Humphrey and Appleton*, for the plaintiff, cited :    *Ware* v. *Otis*, 8 Maine, 386 ; *Stevens* v. *Bell*, 6 Mass. 339 ; *Lawrence* v. *McCalmont*, 2 How. 426 ; 2 Smith's Lead. Cas. (5th ed.) 291 ; *Middlesex Bank* v. *Minot*, 4 Met. 325 ; *White* v. *Platt*, 5 Denio, 269 ; *Taylor* v. *Bates*, 5 Cowen, 376 ; *Rathbun* v. *Ingalls*, 7 Wend. 320 ; *Sheridan* v. *Ireland*, 66 Maine, 65 ; R. S., c. 81 § 96 ; *Penobscot R. R. Co.* v. *Mayo*, 65 Maine, 569 ; *Same* v. *Same*, 67 Maine, 470 ; *Gerry* v. *Dunham*, 57 Maine, 334 ; *Burdick* v. *Garrick*, 5 L. R. Ch. App. 241 ; *Davis* v.

*Coburn,* 128 Mass. 377; *Clark* v. *Titcomb,* 42 Barbour, 122; Angell, Lim. 170; *Atlantic Nat. Bank* v. *Harris,* 118 Mass. 147; *Jones* v. *McDermott,* 114 Mass. 400; *Bacon* v. *Rives,* 106 U. S. 107; *Lancey* v. *Maine Cen. R. R. Co.* 72 Maine, 39; *Cunningham* v. *Foster,* 49 Maine, 69.

*A. W. Paine,* for the defendant, contended that the judgment in the case reported upon by referee concluded the plaintiff, and he cannot maintain this suit. That whole lumber transaction was a unit of contract, and the rights of the parties under it were settled by the referee. The case is in principle the precise case of *Lancey* v. *M. C. R. R. Co.* 72 Maine, 34.

The statute of limitations is a bar to the suit; the question is whether the defendant was liable to an action, and if so whether he fraudulently concealed the cause thereof. Counsel contended that both questions should be answered in the negative. When these logs were received they were in part payment of the indebtedness of the plaintiff to the defendant for advances for which he has never been fully paid. So that literally he was not liable to a suit for the logs.

There was no fraudulent concealment. The defendant took all the logs and the plaintiff knew it. The logs were his by lien, and by special agreement. *Given* v. *Whitmore,* 73 Maine, 374; *Penobscot R. Co.* v. *Mayo,* 65 Maine, 566; S. C. 67 Maine, 470; *Rice* v. *Burt,* 4 Cush. 208; *Cole* v. *McGlathry,* 9 Maine, 131.

The plaintiff had the same means that defendant had to ascertain the whole number of logs. There is no fraudulent concealment when the means of detecting any errors is within the reach of plaintiff by inquiry of the officers of the boom, or examination of the books. 3 Mass. 201; *McKown* v. *Whitmore,* 31 Maine, 448; *Rouse* v. *Southard,* 39 Maine, 404; *Nudd* v. *Hamblin,* 8 Allen, 130; *Wells* v. *Child,* 12 Allen, 333; *Atlantic N. Bank* v. *Harris,* 118 Mass. 147; *Wood* v. *Carpenter,* 101 U. S. 135.

WALTON, J. The principal question is whether the plaintiff's right to recover for the three hundred and sixteen logs mentioned in the report is barred by the statute of limitations. We think it is not.

The facts are these : The plaintiff had logging permits which he assigned to the defendant as security for supplies to be furnished for carrying on the operations. It was agreed that the logs which the defendant should receive or take should be accounted for at the rate of thirteen dollars per thousand feet for spruce, and twenty dollars for pine. The plaintiff cut and drove to market between eleven and twelve thousand logs, amounting in feet to over a million and a half. In 1873 the defendant took and converted to his own use three hundred and sixteen of these logs without having them surveyed and without the plaintiff's knowledge or consent ; and for these three hundred and sixteen logs the defendant never accounted to the plaintiff, and never informed him that they had been taken.

After the taking of the logs, the plaintiff was sued by one Doane and the defendant summoned as a trustee. It then became the duty of the defendant to disclose truly the state of his accounts with the plaintiff. This he did not do. He disclosed the logs received by him which had been surveyed, but he suppressed the fact that he had taken three hundred and sixteen logs which had not been surveyed. This disclosure was in April, 1876.

In August following the disclosure the plaintiff sued the defendant for the logs disclosed, but did not sue him for the three hundred and sixteen logs not disclosed, being still ignorant of the fact that the defendant had taken them. The defendant filed an account in set-off, and the action was referred, and an award made and accepted, showing a balance of five hundred sixty dollars and seventy-four cents due to the defendant ; and during this litigation the defendant continued silent with respect to these three hundred and sixteen logs, and the plaintiff remained ignorant of the fact that the defendant was indebted to him for them.

After this litigation was ended, namely, in May, 1877, the plaintiff became first possessed of information that there were three hundred and sixteen logs not accounted for in the disclosure and subsequent suit, obtaining the information from the person who counted and run the logs to the mills for the defendant.

This suit was commenced in December, 1881, the logs having been taken in 1873, and the principal question, as already stated, is whether the plaintiff's right to recover for them is barred by the statute of limitations; and we again say we think it is not. We think there was such a concealment by the defendant of the plaintiff's cause of action as to bring it within one of the saving clauses of the statute.

The clause to which we refer is as follows:

"If a person liable to any action mentioned herein, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within six years after the person entitled thereto discovers that he has just cause of action." R. S., c. 81, § 92.

We think the taking of the plaintiff's logs in the manner stated was a fraud, and that the neglect to give him credit for them, and the omission to inform him of the facts in relation to them, was a continuation of the fraud; and, within the meaning of the statute cited, constituted a fraudulent concealment of a just cause of action; and the plaintiff remaining ignorant of the facts till within six years of the commencement of his action, we think his right to recover is not barred.

True, it has been held that the mere omission to disclose a cause of action, when no fiduciary relation exists between the parties, and the plaintiff has had the means of discovering the facts, and nothing has been done by the defendant to mislead him, does not constitute a fraudulent concealment. But such is not the law when a fiduciary relation, or one of confidence and trust, exists between the parties, which makes it the special duty of the defendant to report the facts truly. In such cases an omission to disclose what it is the special duty of the defendant to disclose, is a fraudulent concealment. *Bank* v. *Harris*, 118 Mass. 147.

Here, the plaintiff had clothed the defendant with the possession and the apparent ownership of a large amount of unsurveyed lumber, upon the latter's express promise and agreement to account for it truly. The fact that by the terms of the agree-

ment the lumber was to be accounted for at a price named per thousand feet, clearly implied that it was to be surveyed. To take any portion of it without a survey would be a fraud. It would leave the amount uncertain, and make a faithful performance of the defendant's duty impossible. And the case specially finds that such a taking was contrary to the custom of the business. Thus to take, and then to conceal the fact, and omit to give the plaintiff credit for the lumber so taken, is fraudulent in its inception and fraudulently concealed. And against such a cause of action, so created and so concealed, it is the opinion of the court that the statute of limitations will not commence to run until the plaintiff has discovered the wrong that has been done him.

Another ground of defense is that the plaintiff is precluded from a recovery by reason of the former litigation between the parties. *Nemo debit bis vexavi pro una et cadem causa*, says the defendant's counsel. It is a sufficient answer to this ground of defense to say that the case specially finds that the logs sued for in this action were not included in the former litigation. To the end of that litigation the plaintiff did not know that such a cause of action existed.

The report states that if the plaintiff is entitled to recover, and with interest from January, 1874 (the logs having been taken some time during the year 1873) the defendant is to be defaulted for five hundred and twenty-five dollars, and interest from the date of the writ. Undoubtedly he is entitled to interest, or damages equivalent to interest, from the time his logs were taken. True, he has not declared for interest in his account in the writ; but when, as in this case, interest is allowed as damages, it is not necessary to declare for it specially. The *ad damnum* clause in the writ is sufficient.

*Judgment for plaintiff for $525,
and interest from date of writ.*

PETERS, C. J., BARROWS, DANFORTH and LIBBEY, JJ., concurred.