[Civ. No. 21393. Second Dist., Div. Three. Mar. 30, 1956.]

DANIEL ROBERTS, Appellant, v. CARTER AND POTRUCH (a Copartnership) et al., Respondents.

J. A. Coleman for Appellant.

H. Burdette Fredericks, in pro. per., for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendants entered on an order sustaining their demurrer to the second amended complaint without leave to amend. The demurrer was sustained on the ground the action is barred by the statute of limitations.

The second amended complaint alleges: At all times mentioned defendants were attorneys at law in partnership. On May 1, 1952, plaintiff entered into a written agreement with Boulevard Motors, Inc., whereby plaintiff sold to Boulevard the personal property and good will of a wrecking yard for $5,000, payable $3,000 at close of escrow and $2,000 in installments of $100 a month for 20 months. Buyer and seller agreed that defendants would act as escrowee and defendants accepted such duty and obligation. Plaintiff caused a notice of intended sale to be published which stated the sale would be made and the consideration paid at 10 a. m. on June 1, 1952, at the escrow department of defendants. At that time and place plaintiff received from defendant Fredericks, acting for Boulevard, $3,000 on the purchase price, a note executed by Boulevard payable in installments of $100 a month for 20 months, and the first payment of $100 on the note. At that time plaintiff paid defendant Fredericks, representing the escrowee, $100 as attorneys' and escrow fees, and Fredericks declared the escrow was closed. Plaintiff was the owner of the note until September 1, 1952.

The second amended complaint alleges further: After the close of the escrow Boulevard, without the knowledge or con-

sent of plaintiff, paid the $100 monthly installments to defendants during the period from June 1, 1952, to September 1, 1952. Defendants failed and refused to pay the same to plaintiff. On September 1, 1952, plaintiff assigned the note to Roberts. Roberts brought an action on the note against Boulevard in the municipal court. Boulevard answered, denying the sale had been completed and filed a cross-complaint naming plaintiff as a cross-defendant. On February 3, 1953, judgment was rendered in that action in favor of Roberts for the full amount of the note and in favor of plaintiff as a cross-defendant. Defendants had received the monthly payments from Boulevard for 13 months and failed to pay them to plaintiff or his assignee. Roberts was compelled to, and did, recover the payments received by defendants by levying a writ of execution. Defendants intentionally, maliciously, with intent to embarrass and harass plaintiff, and without cause, received and retained the $100 payments from June 1, 1952, to September 1, 1952, to plaintiff's damage. Plaintiff is in the business of buying and selling wrecked and used automobiles and parts thereof. On June 1, 1952, he entered into a contract with one Baker for the purchase of Baker's automobile wrecking yard for $2,700 and agreed to pay part down and the balance at the rate of $100 a month. The Baker yard was a going concern and was capable of, and did, make returns of $200 to $300 a week. Plaintiff relied and depended on receiving the monthly payments from Boulevard to consummate the purchase of the Baker yard. By reason of the acts of defendants in failing and refusing to pay plaintiff the $100 payments they received, he was financially embarrassed and forced to cancel the Baker contract to his damage in the amount of $5,000 for loss of certain and definite profits from the yard. By reason of the acts of defendants, plaintiff suffered great mental anguish and worry, by reason of which he suffered a nervous breakdown which affected his health for six months to his damage in the sum of $25,000. The prayer is for $30,000 actual damages and $25,000 exemplary damages.

The action was commenced February 7, 1955. It is contended the cause of action is founded on a written instrument and that the four-year statute applies. The argument appears to be that defendants in some fashion were parties to the written agreement between plaintiff and Boulevard because they were the escrow holders. ▆ An escrow holder is the agent of the parties to the escrow. He performs agency

functions. His duty is to comply strictly with the instructions of the parties. ■ He must be a stranger to the transaction which is the subject matter of the escrow. ■ On close of an escrow the dual agency of the escrow changes to that of an agency not for both but for each party to the transaction in respect to those things placed in escrow to which the parties respectively become entitled. (18 Cal.Jur.2d 321, §§ 12-14.) Defendants were not parties to the written agreement between plaintiff and Boulevard.

It is argued that the statute of limitations was tolled by the acts of defendants in keeping the escrow open after June 1, 1952. The averments of the complaint are that the escrow was closed on June 1, 1952, and that it was after close that defendants received the $100 monthly payments. The escrow instructions were not in writing. ■ The fact that defendants received the payments from Boulevard after close of the escrow did not toll the statute. On receipt of such payments it was the obligation of defendants to pay them to plaintiff until September 1, 1952, and thereafter to his assignee on notice of the assignment. (*Law* v. *Title Guar. & Trust Co.*, 91 Cal.App. 621, 628 [267 P. 565]; *Tumansky* v. *Woodruff*, 14 Cal.App.2d 279, 283 [57 P.2d 1372].) Defendants' liability to plaintiff for the monthly payments arose between June 1 and September 1, 1952. Their liability, if any, for damage sustained by reason of their refusal to turn over such payments to plaintiff arose not later than September 1, 1952.

Since the action was not commenced until February 7, 1955, more than two years after the liability arose, it was barred by the provisions of section 339, subdivision 1, of the Code of Civil Procedure which provides that an action on a liability not founded on an instrument in writing can only be commenced within two years after the cause of action accrued.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied April 20, 1956, and appellant's petition for a hearing by the Supreme Court was denied May 29, 1956.