[S. F. No. 21082.    In Bank.    Oct. 9, 1962.]

ANNE S. AMEN, Plaintiff and Appellant, v. MERCED COUNTY TITLE COMPANY et al., Defendants and Respondents.

530

T. N. Petersen and Guernsey Carson for Plaintiff and Appellant.

Preston, Braucht & George and H. C. George for Defendants and Respondents.

TRAYNOR, J.—Plaintiff appeals from a judgment of dismissal entered after the sustaining of defendants' demurrers to her amended complaint without leave to amend. Her first cause of action alleged that defendant Merced County Title Company breached a contract with her to act as escrow holder. Her second cause of action, based on negligence, alleged the same acts and omissions as did the first.*

The amended complaint alleges that on April 2, 1958, plaintiff and her husband entered into a written contract to purchase a tavern. The contract, in the form of escrow instructions, was typed on forms provided by defendant and was signed by the sellers and by plaintiff and her husband. The initials of D. M. Guest, defendant's agent, were typed at the top of the form. The purchase price of $74,300 was to be paid $10,000 in cash, $54,300 by a note and deed of trust, and

---

*The third cause of action against Western Title Insurance and Guaranty Company to which the trial court also sustained a demurrer is not involved in this appeal.

$10,000 by the buyers' assumption of certain debts. The instructions to defendant stated that: "Any debts over $10,000 will be paid by the Merced County Title Company out of the proceeds of the sale" and that ". . . this escrow is accepted by your company [defendant] subject to all terms and conditions set forth herein and printed on the back hereof, which terms, conditions and the instructions given herein have been read by and agreed to by all parties signing these escrow instructions."

On April 14, 1958, before the escrow closed, the State Board of Equalization mailed to plaintiff in care of defendant a notice that plaintiff should obtain a tax clearance certificate to avoid liability for state sales taxes owed by the seller. (See Rev. & Tax. Code, §§ 6811, 6812.) One of the board's auditors also called Guest on the telephone, repeated the warning, and asked whether a certificate would be requested. Guest replied that it would not. Plaintiff was never informed of the written notice or of the telephone conversation; no certificate was requested, and on June 26, 1958, the escrow closed. The sellers failed to pay the sales taxes, which amounted to $4,749.84, and on October 31, 1959, plaintiff received notice of her liability to the state as successor to the sellers. Six days later the state filed a lien for the taxes due. Since plaintiff had already assumed $10,000 of the debts of the business, she ultimately found herself with a liability of $14,749.84 despite the fact that she had instructed defendant to pay debts exceeding $10,000 out of the proceeds.

Plaintiff did not file her complaint until July 29, 1960, more than two years after defendant allegedly breached an express provision of its contract and an implied promise to inform her of the potential tax liability. The trial court sustained the demurrer apparently on the ground that the two-year statute of limitations applicable to "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing . . ." barred plaintiff's action. (Code Civ. Proc., § 339.)   Plaintiff contends, however, that her action was on a written contract, that the four-year statute of limitations therefore applies (Code Civ. Proc., § 337), and that in any event, the statute did not begin to run until October 31, 1959, when she first received notice of the state's lien.

An escrow holder must comply strictly with the instructions of the parties. (*Rianda* v. *San Benito Title Guar. Co.*, 35 Cal.2d 170, 173 [217 P.2d 25] ; *Shreeves* v. *Pearson*, 194 Cal. 699, 711 [230 P. 448] ; *Dawson* v. *Bank of America*,

100 Cal.App.2d 305, 309 [223 P.2d 280].) ▮▮ Upon the escrow holder's breach of an instruction that it has contracted to perform or of an implied promise arising out of the agreement with the buyer or seller, the injured party acquires a cause of action for breach of contract. (See *Francis* v. *Eisenmayer*, 171 Cal.App.2d 221, 225-227 [340 P.2d 54]; *Karras* v. *Title Ins. & Guar. Co.*, 118 Cal.App.2d 659, 665-666 [258 P.2d 866]; *Chicago Title & Trust Co.* v. *Cleary*, 319 Ill.App. 83 [48 N.E.2d 576, 578]; Rest. 2d Agency, § 14 D, com. a.) ▮▮ Similarly, if the escrow holder acts negligently, "it would ordinarily be liable for any loss occasioned by its breach of duty." (*Rianda* v. *San Benito Title Guar. Co., supra*; *Karras* v. *Title Ins. & Guar. Co., supra*; see Rest. 2d Agency, §§ 399(b), 401.)

▮▮ If the escrow instructions are in writing and the escrow holder accepts them or if the escrow holder prepares the instructions, offers to perform them, and the buyer and seller accept the offer, an action for failure to comply with the instructions is on a written contract. The contract may be "in writing" for purposes of the statute of limitations even though it was accepted orally or by an act other than signing. (*Cleveland Trust Co.* v. *Elbrecht*, 137 Ohio St. 358 [30 N.E.2d 433, 436]; *McCormick* v. *Taft*, 61 Ohio App. 200 [22 N.E.2d 510]; *Fey* v. *Loose-Wiles Biscuit Co.*, 147 Kan. 31 [75 P.2d 810, 812-813]; *First Nat. Bank of Berwyn* v. *Raymer*, 180 Okla. 529 [71 P.2d 485, 487-488]; *Atlanta K. & N. Ry. Co.* v. *McKinney*, 124 Ga. 929 [53 S.E. 701, 704, 6 L.R.A. N.S. 436, 110 Am.St.Rep. 215]; *Schmucker* v. *Sibert*, 18 Kan. 104, 111 [26 Am.St.Rep. 765]; see 38 Mich. L. Rev. 257, 258; 1 Corbin on Contracts, § 31 at pp. 84-86; cf. *Remsberg* v. *Hackney Mfg. Co.*, 174 Cal. 799 [164 P. 792]; *California Jewelry Co.* v. *Provident Loan Assn.*, 6 Cal.App.2d 506, 510-511 [45 P.2d 271].)

▮▮ An action is on a written contract, even though it is based on a promise implied from the writing. (See *Comunale* v. *Traders & General Ins. Co.*, 50 Cal.2d 654, 662 [328 P.2d 198]; *Lawrence Barker, Inc.* v. *Briggs*, 39 Cal.2d 654, 661 [248 P.2d 897]; *Simmons* v. *Birge Co.*, 52 F.Supp. 629, 633-634; *Indian Territory Illuminating Oil Co.* v. *Rosamond*, 190 Okla. 46 [120 P.2d 349, 354, 138 A.L.R. 246]; *Home Ins. Co.* v. *Mercantile Trust Co.*, 219 Mo.App. 645 [284 S.W. 834, 835-836]; 1 Corbin on Contracts, § 31 at p. 84; but see *Grant* v. *Williams*, 158 Neb. 107 [62 N.W.2d 532, 536].)

▮▮ A longer period of limitations applies to actions on written contracts than to actions on oral contracts, since the writing is clear evidence in permanent form of the terms of

the agreement. (See *Homire* v. *Stratton & Terstegge Co.*, 157 Ky. 822 [164 S.W. 67, 69]; 38 Mich. L. Rev. 257, 259.) ▮ When a party has agreed to the writing, there is no reason to invoke the two-year statute of limitations applicable to oral agreements. The four-year statute of limitations, unlike the statute of frauds, does not require that the writing be signed by the party to be charged. ▮ Had the Legislature meant to make a signature mandatory for a writing to qualify for the longer period of limitations it would have so provided as it did in section 360 of the Code of Civil Procedure, which requires that a new promise to perform under an old contract be signed to start the statute running anew. ▮ Plaintiff's action was therefore on a written contract.

Defendant invokes *Shumaker* v. *Rippy*, 138 Cal.App.2d 815, 816 [292 P.2d 536], in which the court held that "The two-year statute of limitations . . . is applicable either to an action for breach of an escrow agreement or to an action for damages on account of negligence in the performance thereof." Similar holdings appear in *Roberts* v. *Carter & Potruch*, 140 Cal.App.2d 370, 373 [295 P.2d 515], and in *Howard* v. *Security Title Ins. & Guar. Co.*, 20 Cal.App.2d 226, 228-229 [66 P.2d 1247]. (But see *Simmons* v. *Bank of America*, 159 Cal.App.2d 566, 569 [323 P.2d 1043].) In the *Roberts* case, however, the instructions to the escrow holder were oral. In the *Howard* case the court rejected the plaintiff's contention that an action based on the violation of escrow instructions was on a written contract and viewed the cause of action as one for negligence. (*Howard* v. *Security Title Ins. & Guar. Co.*, *supra*, at p. 229.) The holdings in the *Shumaker* and *Howard* cases appear to be based upon a misreading of *Lattin* v. *Gillette*, 95 Cal. 317 [30 P. 545, 29 Am.St.Rep. 115]. There this court held that when the defendants were employed to search the title of certain premises and made a report that included a written certificate that title was vested in one Birnbaum, free of encumbrances, "[t]he written certificate . . . although an instrument in writing, is not an instrument upon which [defendants'] liability is founded." (*Id.* at p. 322.) In the *Lattin* case the contract of employment was oral and the title report was mere "evidence relied upon by [plaintiff] to establish the breach of . . . contract. . . ." (*Id.* at p. 323.) In the *Shumaker* and *Howard* cases, however, it was alleged that the escrow holder had breached an actual or implied provision of a written contract. Although in both these cases the writing was a memorandum of the agreement between the buyer and

the seller, it was also a written memorandum of the contract between the escrow holder and the parties to the sale contract. To the extent that the *Shumaker* and *Howard* cases are inconsistent with the views expressed herein, they are disapproved.

Even if plaintiff's action were not based on a written contract, the statute would not run against her until she knew or should have known the facts that constituted the breach of defendant's duty. In the absence of a special demurrer on the ground that plaintiff did not specifically allege when she discovered defendant's breach, her allegations that she was never informed of the communications between defendant and the State Board of Equalization and that notice of the tax liability was sent to her for the first time on October 31, 1959, were sufficient to allege that she discovered or was put on notice of defendant's breach on that date. It was sufficient to overcome a demurrer based on the statute of limitations that she alleged an injury that would ordinarily escape her discovery and discovery within the statutory period, that defendant was an escrow holder (and hence was a fiduciary, see e.g., *In re Chrisman*, 35 F.Supp. 282, 285), and facts showing that her ignorance of the breach was justifiable. (See *Kane* v. *Cook*, 8 Cal. 449, 458; *Rafter* v. *Hurd*, 136 Kan. 127 [12 P.2d 837, 839]; Dawson, *Undiscovered Fraud and Statutes of Limitation*, 31 Mich. L. Rev. 591, 607-613; Dawson, *Fraudulent Concealment and Statutes of Limitation*, 31 Mich. L. Rev. 875, 887-893; 63 Harv. L. Rev. 1177, 1214-1217; 6 Williston on Contracts (rev. ed.) § 2033, at p. 5703.) Cases in which the defendant stands in a fiduciary relationship to the plaintiff are frequently treated as if they involved fraudulent concealment of the cause of action by the defendant. The theory is that although the defendant makes no active misrepresentation, this element "is supplied by an affirmative obligation to make full disclosure, and the non-disclosure itself is 'fraud.' " (Dawson, *Fraudulent Concealment and Statutes of Limitation, supra*, at p. 887; see *Kane* v. *Cook, supra*; *Frazier* v. *Frazier*, 211 Ala. 176 [100 So. 118, 119-120]; *Boon* v. *Root*, 131 Wis. 451 [19 N.W. 121, 122-123]; *Bent* v. *Priest*, 86 Mo. 475, 488-489; *Kelley* v. *Nealley*, 76 Me. 71, 74; *Batts* v. *Winstead*, 77 N.C. 238; *Hoyle* v. *Jones*, 35 Ga. 40, 43-44 [89 Am. Dec. 273]; 51 Harv. L. Rev. 1300, 1301; 43 Harv. L. Rev. 471.) There is no need to resort to this fiction, however, for the very existence of a fiduciary relationship obviated the necessity of plaintiff's pleading fraud. (*Rafter* v. *Hurd, supra*, at p. 839; see Dawson, *Undiscovered Fraud and Statutes of Limitation*,

*supra,* at pp. 610-621; 1 Mechem, Agency (2d ed.) § 1347 at pp. 984-986.) If, as plaintiff alleged, defendant breached its fiduciary duty to disclose her potential liability for the unpaid sales taxes, it would be manifestly unjust to hold that her action was barred by the statute of limitations when her failure to file a timely complaint resulted from that breach.

The judgment is affirmed as to defendants Western Title Insurance Company and William S. Fisher, its agent. In all other respects the judgment is reversed.

Gibson, C. J., Peters, J., White, J., and Tobriner, J., concurred.

Schauer, J., and McComb, J. concurred in the judgment.