[Civ. No. 34516. Second Dist., Div. Four. Mar. 16, 1970.]

JAMES DE NICHOLAS ASSOCIATES, INC.,
Plaintiff and Appellant, v.
HERITAGE CONSTRUCTION CORPORATION,
Defendant and Respondent.

## COUNSEL

Fulop, Rolston & Burns and Lawrence R. Resnick for Plaintiff and Appellant.

Zerner, Sims & Cibener, Edward S. Sims and Joel Cibener for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—This is an appeal from an order of dismissal made on November 18, 1968.

On July 2, 1968, plaintiff sued for breach of contract, filing a first amended complaint and a second amended complaint. The trial court sustained defendant's demurrer to the second amended complaint, without leave to amend, on the ground that plaintiff's cause of action was barred by Code of Civl Procedure, section 339.

On or about December 4, 1964, in consideration of plaintiff's waiver of any rights it had to acquire the controlling stock of Security Investment Company of Riverside, and making available to defendant certain material which plaintiff had gathered in attempting to acquire the company, defendant orally agreed to pay plaintiff the sum of $10,000 plus certain expenses incurred by plaintiff.

On December 7, 1964, plaintiff confirmed the terms of the oral contract by a letter in writing and offered to accept the sum of $13,000 for the consideration set forth therein. On January 22, 1965, defendant made a partial payment to plaintiff in the sum of $5,000. Plaintiff sent a second letter to defendant on January 28, 1965, acknowledging the partial payment. Although plaintiff made demand, defendant refused to pay the balance of $8,000 which is still unpaid.

The only issue raised by plaintiff is whether or not plaintiff's cause of action is barred by Code of Civil Procedure, section 339, subdivision 1,

or whether the cause of action is timely and controlled by Code of Civil Procedure, section 337, subdivision 1.[1]

Defendant also alleges that plaintiff violated sections 25800 and 25007 of the California Corporations Code, by acting as an investment counselor without a license.

Plaintiff argues that the trial court erred because (1) although the original agreement was oral, the agreement came within Code of Civil Procedure, section 337, subdivision 1 (the four-year statute of limitations for written contracts) because it was "accepted" by defendant under the rule of *Amen* v. *Merced County Title Co.* (1962) 58 Cal.2d 528 [25 Cal.Rptr. 65, 375 P.2d 33], or (2) because part payment removes the contract from Code of Civil Procedure, section 339, subdivision 1 (the two-year statute). Plaintiff also alleges that the court erred by making a finding of fact directly at variance with the allegations of the second amended complaint.

## I

Plaintiff first asserts that a cause of action may be founded on an instrument in writing notwithstanding that such instrument was not signed by defendant, where defendant "accepts" the contract, relying on the rule of *Amen* v. *Merced County Title Co.* (1962) *supra,* 58 Cal.2d 528.

The plaintiff in the *Amen* case was the purchaser of a tavern under a written contract. The contract, in the form of escrow instructions, was typed on a form provided by the defendant escrow holder. The escrow instructions were signed by the plaintiff buyer and by the seller, but not by the defendant escrow company. Plaintiff purchaser sued the defendant escrow

---

[1] The relevant code sections read as follows:

Code of Civil Procedure, section 339, subdivision 1: "Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision 2 of Section 337 of this code; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

Code of Civil Procedure, section 337, subdivision 1: "Within four years: 1. An action upon any contract, obligation or liability founded upon an instrument in writing, except as provided in Section 336a of this code; provided, that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage."

holder for a breach of escrow instructions, and defendant escrow holder contended that plaintiff's action was barred by Code of Civil Procedure, section 339, subdivision 1, the two-year statute of limitations. The Supreme Court held that Code of Civil Procedure, section 337, subdivision 1, the four-year statute, applied. Justice Traynor said at page 532: "If the escrow instructions are in writing and the escrow holder accepts them or if the escrow holder prepares the instructions, offers to perform them, and the buyer and seller accept the offer, an action for failure to comply with the instructions is on a written contract. *The contract may be 'in writing' for purposes of the statute of limitations even though it was accepted orally or by an act other than signing.* [Citations.]" (Italics supplied.)

The *Amen* case is readily distinguishable from the case at bench. In *Amen* the instructions were prepared by defendant and were on a form provided by defendant, tending to indicate defendant's acceptance of the terms. In the case at bench any writings tending to show the terms of the agreement are all writings by the *plaintiff,* and not writings prepared by defendant. Therefore they cannot be used to show an "acceptance" by *defendant.*

Further, there is another indication in *Amen* of defendant's acceptance of the terms. The escrow instruction in *Amen* said: " '. . . this escrow is accepted by your company [defendant] subject to all terms and conditions set forth herein . . . .' " In the case at bench there is no similar written indication of "acceptance" on the part of defendant.

The later case of *Benard* v. *Walkup* (1969) 272 Cal.App.2d 595 [77 Cal.Rptr. 544], is consistent with what we have said here. In *Benard,* a legal malpractice action was held to fall within Code of Civil Procedure, section 337, subdivision 1 where the contract was signed only by plaintiff, and where the writing embodied all the terms of the contract, and where defendant attorney accepted the terms of the contract and indicated his acceptance of those terms by signing before the four-year period was up. In the *Benard* case the agreement was written on defendant's own letterhead, and stated over the portion provided for defendant's signature, "I accept said employment and agree to do all things necessary to prosecute said claim." Thus, as in the *Amen* case, in *Benard* there was tangible written indication of defendant's acceptance of the terms of the writing, even though defendant did not actually sign the contract. In the case before us, as we have said earlier, there are no similar tangible written words of acceptance by defendant.

## II

Plaintiff argues that part payment is an assent to the agreement. ■ It is true, as is explained at length in *Eilke* v. *Rice* (1955) 45 Cal.2d 66 [286 P.2d 349], that a part payment may serve to *extend* the limitation period and make it run from the last payment. But we know of no authority for the proposition that a part payment changes the statute applicable to the debt. The most that the part payment herein alleged could do would be to make the two-year statute run from January 22, 1965, rather than from December 7, 1964. It follows that the payment allegedly made in January of 1965 does not serve to sustain an action not filed until July of 1968.

## III

Plaintiff argues that the trial court, in ruling on the demurrer, went beyond its proper scope of inquiry. It quotes from *Colm* v. *Francis* (1916) 30 Cal.App. 742, at p. 752 [159 P. 237], as follows: " . . . in passing upon the question of the sufficiency or insufficiency of a complaint to state a cause of action, it is wholly beyond the scope of the inquiry to ascertain whether the facts stated are true or untrue. That is always the ultimate question to be determined by the evidence upon a trial of the questions of fact. Obviously, the complaint, when appropriately challenged, whether for want of sufficient facts or for an insufficient or inartificial statement of the facts, must stand or fall by its own force."

■ Relying on that doctrine, plaintiff then asserts that its complaint contained a "specific allegation" that defendant had accepted the agreement in January of 1965. But the allegation relating to that event reads as follows: "On or about January 22, 1965, defendant assented to the terms contained in said writing by making partial payment to plaintiff on account of said writing in the sum of Five Thousand Dollars ($5,000.00)." It will be noted that the only factual allegation is not that defendant had accepted, but that it had manifested its acceptance by a particular act—namely part payment. Since, as we have said above, part payment is not such an act as to amount to an acceptance of an oral offer, it follows that the trial court properly construed the allegation as made as not stating a fact sufficient to avoid the bar of the statute of limitations. In so doing, the court did not contradict the facts as alleged, but ruled (correctly) that the fact alleged, if true, did not support the conclusionary clause on which plaintiff would now rely.

## IV

Defendant argues that Exhibit A and paragraph III of the second amended complaint allege illegal consideration given by plaintiff in violation of sections 25800 and 25007[2] of the California Corporations Code. Defendant alleges that paragraph III of the complaint and Exhibit A show that, in consideration for the money paid by defendant, plaintiff was to act as an investment counselor and that plaintiff did not allege that plaintiff had a license to act as an investment counselor. Defendant's claim that plaintiff was acting as an investment counselor is based on the following excerpt from plaintiff's December 7th letter to defendant:

> *"In view of our having made available to you the material gathered by myself* [the plaintiff] and my legal and auditing advisors, obtained at my expense, in connection with my [plaintiff's] proposed acquisition of said company, and in view of my consulting with you in regard to the possibility of your [defendant] acquiring the said Company instead of myself, . . ."* (Italics supplied.)

Normally, whether a person is acting as an investment counselor or as a broker, is a question of fact for the jury. (*People* v. *Roth* (1934) 137 Cal.App. 592 [31 P.2d 813].)

Section 25009 refers to one in the "business of advising others." Plaintiff's letter of December 7, 1964, indicates that plaintiff's company had considered purchasing the Security Investment' Company of Riverside *for itself,* and that plaintiff was merely accepting consideration from defendant for waiving its own rights to purchase the controlling stock of that company, and for furnishing to defendant information plaintiff had acquired about the investment company. This letter cannot be construed as establishing, as a matter of law, that defendant was "engaging in a business of giving advice." If, in fact, there were communications

---

[2]Section 25009, formerly 25007, in its entirety, reads as follows: " 'Investment adviser' means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as a part of a regular business, publishes analyses or reports concerning securities. 'Investment adviser' does not include (a) a bank, trust company or savings and loan association; (b) an attorney at law, accountant, engineer or teacher whose performance of these services is solely incidental to the practice of his profession; (c) a broker-dealer whose performance of these services is solely incidental to the conduct of his business as a broker-dealer and who receives no special compensation for them; or (d) a publisher of any bona fide newspaper, news magazine or business or financial publication of general, regular and paid circulation and the agents and servants thereof, but this clause (d) does not exclude any such person who engages in any other activity which would constitute him an investment adviser within the meaning of this section."

other than the one letter pleaded which fell within the prescription of the Corporations Code, defendant's recourse was to set them up by way of defense in its answer; nothing in the complaint made it vulnerable to demurrer on that ground.

The order of dismissal is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied March 31, 1970, and appellant's petition for a hearing by the Supreme Court was denied May 15, 1970.