[No. G003952. Fourth Dist., Div. Three. June 30, 1988.]

KENNETH M. WASMANN, Plaintiff and Appellant, v.
PETER A. SEIDENBERG, Defendant and Respondent.

COUNSEL

Robert L. Nelms for Plaintiff and Appellant.

Stephen H. Welch for Defendant and Respondent.

OPINION

WALLIN, J.—Does an attorney have a duty to safeguard property entrusted to him during settlement negotiations by an adverse party? *Yes*.

I

Plaintiff Kenneth Wasmann sued his ex-wife and others for torts allegedly arising out of a marital dissolution gone awry. One of the named defendants was an attorney who arranged the property settlement on behalf of the wife. As to the causes of action against this attorney, the trial court sustained a general demurrer without leave to amend. Wasmann appeals from the ensuing judgment of dismissal. We reverse.

Wasmann alleged, and we assume for purposes of review, the following facts. Kenneth and Barbara Wasmann married on April 29, 1979, and separated on August 8, 1982. During the summer of 1984 Barbara hired attorney Charles Schwenck to dissolve the marriage. The parties agreed to bifurcate the proceedings, with an immediate dissolution of the marriage contingent on acceptance of a proposed division of marital property, to be "formalized" later. The terms of the property division included Kenneth's conveyance to Barbara of his community interest in a Newport Beach residence in exchange for $70,000 in cash or a promissory note in that amount secured by a trust deed on the property.

In October 1984 Barbara, now married to Schwenck, retained new counsel, Peter Seidenberg, to complete the marital property settlement. On December 19, 1984, after counsel conferred many times by phone, Kenneth's attorney Jeffrey Hartman sent a letter to Seidenberg enclosing a final draft of the settlement agreement and a grant deed conveying the Newport Beach property to Barbara. Kenneth had executed both documents. The letter stated Seidenberg was "authorized to record [the deed] only upon obtaining" for Kenneth the $70,000 in cash or the promissory note.

Hartman received no response to his letter. Over the next few months he telephoned Seidenberg several times to ask the status of the settlement

agreement. On April 2, 1985, Hartman sent a formal demand to Seidenberg for information regarding execution of the document. Hartman subsequently learned that Barbara—without handing over the cash or promissory note—had obtained the grant deed from Seidenberg and recorded it on February 8, 1985.

Kenneth Wasmann sued Barbara and Charles Schwenck on various theories, including conspiracy to defraud, fraud and breach of contract. He also named Peter Seidenberg as a defendant in the action, alleging causes of action for legal malpractice and constructive fraud. Seidenberg's general demurrer to both causes of action was sustained without leave to amend.

## II

■ The central issue in this appeal is whether Seidenberg had a legal duty to safeguard the executed trust deed from Barbara until she satisfied the condition of its delivery. Wasmann argues Seidenberg owed him a professional duty to guard the deed until the stated condition for recordation was met; he contends breach of that duty was legal malpractice. But the law of professional negligence does not supply the foundation necessary for the duty Wasmann asserts here.

■ Courts have rejected "the theory that attorneys owe a duty of care to adverse third parties in litigation." (*Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 178 [156 Cal.Rptr. 745]; *Parnell* v. *Smart* (1977) 66 Cal.App.3d 833, 837-838 [136 Cal.Rptr. 246].) Only when third parties are the intended beneficiaries of an attorney's services are they entitled to bring actions for professional negligence. (*Heyer* v. *Flaig* (1969) 70 Cal.2d 223, 228-229 [74 Cal.Rptr. 225, 449 P.2d 161] [attorney who negligently drafts a will so as to destroy intended gifts may be liable to the putative beneficiaries]; *Morales* v. *Field, DeGoff, Huppert & MacGowan* (1979) 99 Cal.App.3d 307 [160 Cal.Rptr. 239] [counsel to a trustee held liable to the beneficiaries for breach of his duties in managing the trust].) Wasmann's attempt to bring himself within this exception by arguing he was an intended beneficiary of the marital settlement is patently absurd: The agreement resulted from arm's-length negotiations between counsel acting to protect their respective clients' interests.

■ Although Seidenberg owed Wasmann no professional duty, his acceptance of Wasmann's deed would give rise to a duty of care. The wellspring of this duty is the fiduciary role of an escrow holder. (See *Amen* v. *Merced County Title Co.* (1962) 58 Cal.2d 528, 531-532 [25 Cal.Rptr. 65, 375 P.2d 33]; *Claussen* v. *First American Title Guaranty Co.* (1986) 186 Cal.App.3d 429, 435 [230 Cal.Rptr. 749]; *Garton* v. *Title Ins. & Trust Co.*

(1980) 106 Cal.App.3d 365, 381 [165 Cal.Rptr. 449].) The threshold issue in this appeal, then, is whether the complaint sufficiently alleges Seidenberg's acceptance of the deed.

Wasmann variously alleges in the complaint Seidenberg accepted the deed, "undertook to exercise reasonable care to protect Plaintiff's Deed" and "voluntarily accepted the trust and confidence reposed in him . . . with regard to Plaintiff's Grant Deed . . . ." Significantly, there is no allegation of an express undertaking by Seidenberg; rather, Wasmann *infers* acceptance of the entrustment from the attorney's failure to reject or otherwise respond to the deed's delivery.

We find this a permissible inference. According to allegations in the complaint, the parties had successfully concluded settlement discussions. The final agreement had been reduced to writing and executed by Wasmann; the document lacked only Barbara's signature. The remaining acts required by the agreement were Wasmann's conveying his interest in the Newport Beach property to Barbara, and her transferring to him a note or cash in the amount of $70,000. Given this state of affairs, Wasmann's delivery of the grant deed to Seidenberg along with the executed settlement agreement can only be seen as a good faith attempt to facilitate settlement. The act appears foolish only when viewed against a backdrop of unethical and unprofessional practices by some attorneys.

As officers of the court, attorneys enjoy both privileges and responsibilities, among which is the duty to deal honestly and fairly with adverse parties and counsel. (See *In re Marriage of Wagoner* (1986) 176 Cal.App.3d 936, 941 [222 Cal.Rptr. 479]; *Bernath* v. *Wilson* (1957) 149 Cal.App.2d 831, 835 [309 P.2d 87].) Wasmann and his attorney Hartman reasonably relied on Seidenberg because of his professional status and role as attorney for Barbara. If Seidenberg did not want to be responsible for the deed, he should have promptly returned it to Wasmann. We hold a trier of fact could find any failure to do so was an acceptance of Wasmann's entrustment. Thus, the allegations of acceptance are legally sufficient.

Having accepted the deed from Wasmann, Seidenberg was bound to comply strictly with the escrow instructions. (*Amen* v. *Merced County Title Co., supra,* 58 Cal.2d at p. 531; *Claussen* v. *First American Title Guaranty Co., supra,* 186 Cal.App.3d at p. 435.) Specifically, he was obligated to prevent recordation of the deed until Barbara deposited into escrow the sum due to Wasmann. Violation of an escrow instruction gives rise to an action for breach of contract; similarly, negligent performance by an escrow holder creates liability in tort for breach of duty. (*Claussen* v. *First American Title Guaranty Co., supra,* 186 Cal.App.3d at p. 435.)

■ Wasmann foregoes the contract claim and alleges negligence in Seidenberg's handling of the deed. According to the complaint, " . . . Seidenberg breached said duty [by] . . . negligently and carelessly allow[ing] Plaintiff's Grant Deed to be recorded . . . without first obtaining for Plaintiff the sum of $70,000.00, or a note secured by a deed of trust . . . ." The facts pleaded are sufficient to state a cause of action for negligence against Seidenberg.

These allegations of negligence, however, are not the stuff of which legal malpractice claims are made. An attorney's failure to prevent a client's unauthorized seizure and recordation of a document held in escrow is not negligent *lawyering* : "The situation required no professional 'skill, prudence and diligence.' It simply called for the exercise of ordinary care." (*Gopaul* v. *Herrick Memorial Hosp.* (1974) 38 Cal.App.3d 1002, 1007 [113 Cal.Rptr. 811].) But Wasmann's erroneous labeling of his cause of action as one for professional negligence is of no consequence. ■ To withstand a general demurrer, a complaint need only state some cause of action from which liability results. (*Siciliano* v. *Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745, 751 [133 Cal.Rptr. 376].)

■ The complaint not only states facts sufficient to support a cause of action for negligence, but for the alleged constructive fraud as well. ■ This tort "arises from a breach of duty by one in a confidential or fiduciary relationship to another which induces a justifiable reliance by the latter to his prejudice. [Citations.]" (*Gold* v. *Los Angeles Democratic League* (1975) 49 Cal.App.3d 365, 373 [122 Cal.Rptr. 732]; Civ. Code, § 1573.) "A form of such fraud is the nondisclosure by the fiduciary of relevant matters arising from the relationship. [Citation.]" (*Spindle* v. *Chubb/Pacific Indemnity Group* (1979) 89 Cal.App.3d 706, 712 [152 Cal.Rptr. 776]; see also *Montoya* v. *McLeod* (1985) 176 Cal.App.3d 57, 64-65 [221 Cal.Rptr. 353].)

■ Wasmann alleged Seidenberg not only breached his fiduciary duty by allowing recordation of the deed, but compounded his wrongdoing by failing to disclose this fact, despite repeated inquiries from Wasmann's attorney. Clearly, recordation of the deed was a material fact and suppression of this information worked to benefit Seidenberg's client and to prejudice Wasmann. The court erred in sustaining the general demurrer to this cause of action.

The judgment is reversed with directions to the trial court to enter a new order overruling the demurrer.

Sonenshine, Acting P. J., and Crosby, J., concurred.