**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEY LONG, | No. 18-17061 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-03129-JSC |
| v. | |
| AUTHENTIC ATHLETIX, LLC; PETER J. SCHAFFER, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted April 16, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit
Judges.

This breach of contract action arises out of an alleged agreement between

Joey Long and sports agency Authentic Athletix, LLC and Peter Schaffer, its

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

founder and president (together, "Defendants").  As the parties are familiar with the record, we need not recite it in any detail.  We affirm the district court's orders.

*1.*  First, the district court did not err in denying Defendants' motion to dismiss for lack of personal jurisdiction.  Long was required only to "make a prima facie showing of jurisdictional facts" to withstand the motion.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)); *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998).  On the facts found by the district court, Long made a prima facie showing that Defendants purposefully availed themselves "of the privilege of conducting activities in California" and that his claims arose out of Defendants' California-related activities.  *Schwarzenegger*, 374 F.3d at 802.  We also affirm that exercising jurisdiction was "reasonable" for the reasons stated by the district court.

*2.*  The district court did not err in denying Defendants' renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b).  "[A] proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion."  *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).  Viewing the evidence in the light most favorable to the nonmoving party, we review "whether the evidence permits only one reasonable conclusion, and that

conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). Grounds not raised in a Rule 50(a) motion are reviewed for plain error, and reversal is warranted only if "such plain error would result in a manifest miscarriage of justice." *Go Daddy Software, Inc.*, 581 F.3d at 961 (quoting *Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 888 (9th Cir. 2002)).

3. The statute of limitations does not bar Long's claims. The jury found the alleged agreement was "founded upon a written instrument." A reasonable trier-of-fact could make such a finding based on evidence of the parties' email exchange and Defendants' conduct following these exchanges. *See Amen v. Merced Cty. Title Co.*, 58 Cal. 2d 528, 532 (1962). An action on a contract "founded upon an instrument in writing" must be commenced within four years after accrual. Cal. Code Civ. P. § 337(a). Long filed his action within three years of the action's accrual date. For the same reasons, there was no plain error in the jury's finding that a contract was formed. *See Go Daddy Software, Inc.*, 581 F.3d at 961–62.

4. The statute of frauds does not bar Long's claims. Based on the evidence presented at trial, a reasonable trier-of-fact could find that the agreement, by its terms, could have been performed within a year. *See White Lighting Co. v. Wolfson*, 68 Cal. 2d 336, 341, 344 (1968).

3

*5.* The district court did not err in its evidentiary rulings, which we review for an abuse of discretion. *United States v. Evans*, 728 F.3d 953, 959 (9th Cir. 2013). The letter Defendants sought to rely on was hearsay and falls under no exception. *See* Fed. R. Evid. 801. Further, the district court did not abuse its discretion in denying evidence related to "offset values," as Defendants failed to produce that evidence in response to Long's discovery requests. *See* Fed. R. Civ. P. 26, 37.

**AFFIRMED.**