UPCHURCH, Chief Judge.
Al Booth’s, Inc., sued Boyd-Scarp Enterprises and James Rathmann for nonpayment following delivery of various appliances to Rathmann’s new home being built by Boyd-Scarp Enterprises. Booth’s was aware that Boyd-Scarp was having financial problems and allegedly contacted Rath-mann prior to delivery, asking him to guarantee payment. Evidence was adduced that Rathmann orally promised to pay in the event the builder did not and that the goods were then delivered. This is an appeal from a summary judgment holding that Booth’s could not recover from Rath-mann due to the statute of frauds.[1] Booth’s maintains the trial court erred in ruling that Rathmann’s claim was based on an oral collateral promise to pay the debt of the builder, Boyd-Scarp, and was barred by the statute of frauds.
*423 Our statute of frauds, section 725.01, Florida Statutes, provides in relevant part that “[n]o action shall be brought ... to charge the defendant upon any special promise to answer for the debt ... of another person ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged_”[2] This statutory language creates a distinction between direct promises and collateral promises to pay debts. Where the alleged oral promise is a direct promise to be obligated in the first instance, it is outside the statute of frauds and enforceable. Bensam Corp. v. Felton, 63 So.2d 278 (Fla.1953) (evidence showed a direct undertaking on the part of the general contractor to pay for the goods to be delivered, not merely a collateral promise dependent on the subsequent default of the subcontractor).
In the present case, the evidence, including that proffered by the plaintiff in its bookkeeper’s affidavit, reflects that if in fact Rathmann made a promise, it was a promise to pay in the event Boyd-Scarp did not. Such a promise would be a promise to answer for the debt of another. However, despite the cases relied on by Rathmann and the language above, this does not necessarily mean that the statute of frauds bars plaintiffs action and this is illustrated by Jim & Slim’s Tool Supply, Inc. v. Metro Communities Corp., 328 So.2d 213 (Fla. 2d DCA 1976). There Jim & Slim’s alleged that it had furnished certain building materials to a subcontractor for use in constructing an apartment building. It was further alleged that after the subcontractor went into default, the owner’s agent orally agreed to guarantee payment in exchange for which Jim & Slim’s continued furnishing materials to the job and agreed to forebear from filing a claim of lien against the owner’s real property. The appellate court reversed a dismissal of the complaint which had been based on the statute of frauds, stating:
As to the general Statute of Frauds, § 725.01, supra, we hold that the owner’s oral promise in this case is not within the purview thereof. The pivotal question on the applicability of that statute is whether the promise is, in fact, an actual assumption of the liability of another with consideration flowing only to such other or, to the contrary, is an original undertaking of the promisor himself supported by independent consideration flowing to him. Florida case law on the point, though not in so many words, is in accord with the weight of authority in following what Corbin calls the ‘leading object’ rule wherein if the promise to pay the debt of another is independent and unconditional, and is made for a valuable consideration of direct pecuniary value to the promisor (that is to say, the ‘leading object’ being to benefit the promisor), the transaction is not within the statute.
The “leading object” rule is stated by Corbin as follows:
When the leading object of the promise or agreement is to become guarantor or surety to the promisee for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time with the promise of the principal, is within the statute, and not binding unless evidenced by writing. On the other hand, when the leading object of the promisor is to sub-serve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute.
Corbin on Contracts § 366.
The Restatement (Second) of Contracts § 116 states the rule as follows:
Main Purpose; Advantage to Surety A contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the promise is in fact or apparently desired by the promisor mainly for his own economic advantage, rather than in order *424 to benefit the third person. If, however, the consideration is merely a premium for insurance, the contract is within the Statute.
The “leading object” rule recognizes that an important difference exists between cases where the promisor makes his promise for the benefit of another and where the promisor makes it for his own pecuniary benefit. Corbin at § 366. One court has explained the rule as providing that a promise, though collateral, is deemed enforceable because the promisor does not need the protection against his own generous impulses afforded by the statute of frauds. Graybar Electric Co. v. Sawyer, 485 A.2d 1384 (Me.1985). If the promisor’s main purpose was to advance his own interests and he received a substantial, immediate and pecuniary benefit, the promise is outside the statute of frauds. Id. Numerous decisions from other states have applied the rule to factual situations analogous to that presented here. See, e.g., Graybar Electric Co. v. Sawyer; Farr & Stone Insurance Brokers v. Lopez, 61 Cal.App.3d 618, 132 Cal.Rptr. 641 (1976); Howard M. Schoor Assoc., Inc. v. Holmdel Hts. Const. Co., 68 N.J. 95, 343 A.2d 401 (1975); Thomas A. Armbruster, Inc. v. Barron, 341 Pa.Super. 409, 491 A.2d 882 (1985). Since there is evidence here indicating that Rathmann agreed to guarantee payment and that the promise was for his own economic benefit, the “leading object” rule applies to take the promise out of the statute of frauds. This being so, summary judgment was improperly entered for Rath-mann.
REVERSED and REMANDED.
SHARP, J., concurs.
ORFINGER, J., dissents with opinion.

. Under a count against Boyd-Sharp, Booth’s obtained a favorable judgment but Boyd-Scarp is insolvent and the judgment apparently uncol-lectible.

. The statute of frauds found in the U.C.C., section 672.201, Florida Statutes (1985), is not a defense here since the goods were received and accepted by Rathmann.