[No. B129174. Second Dist., Div. Seven. Nov. 23, 1999.]

IVERSON, YOAKUM, PAPIANO & HATCH, Plaintiff and Appellant, v. THOMAS BERWALD et al., Defendants and Respondents.

**COUNSEL**

Iverson, Yoakum, Papiano & Hatch and Neil Papiano for Plaintiff and Appellant.

Law Offices of Kriss Halpern and Kriss Halpern for Defendants and Respondents.

## OPINION

**LILLIE, P. J.**—Plaintiff law firm sued its former clients for "damages for legal services rendered." Plaintiff appeals from a judgment of dismissal entered after the trial court sustained defendants' demurrer to the complaint on statute of limitations grounds and denied plaintiff's motion for reconsideration based on newly discovered evidence. The principal issues on appeal are whether the complaint and exhibits thereto revealed the common counts alleged therein were barred by the applicable statutes of limitation, and whether the trial court abused its discretion in denying the motion for reconsideration to permit plaintiff to plead an alleged newly discovered promissory note.

### PROCEDURAL BACKGROUND

On May 12, 1998, plaintiff filed a verified complaint containing two common counts, one for "money damages for services rendered," and one for an account stated. According to the allegations of the complaint, plaintiff represented defendants in two underlying lawsuits from July 1988 to May 1992. On May 13, 1992, plaintiff prepared a promissory note for the alleged agreed balance due for legal services. The promissory note attached as an exhibit to the complaint is executed by plaintiff and Thomas Berwald; the top of the promissory note lists the amount of the note as $78,223.96; in two other places in the note, the amount of the alleged debt is stated to be $78,233.96; all three figures, however, were crossed out and initialed with Thomas Berwald's initials. Under Berwald's signature he wrote, "As noted, total is incorrect as it does not reflect reductions due to billing errors." The note stated that Jean Berwald and Thomas Berwald agree to pay "monthly installments of $5,000 until such entire amount is repaid in full." Some payments were allegedly made by the Berwalds until January 23, 1995. Plaintiff notified defendants in writing in April 1997 that the amount of outstanding legal fees due was $45,477.42, and also sent defendants a notice of their right to arbitrate. In May 1997, defendants acknowledged receipt of the foregoing notices.

The first cause of action alleges that notwithstanding a demand for payment, there remains unpaid the sum of $44,890.71.[1] The second cause of action alleges that within the "two years last past, an account was stated" between the parties whereby it was agreed that defendants were indebted to plaintiff in the amount of $44,890.71.

Defendants demurred to the complaint on the ground, inter alia, that the lack of the pleading of a valid written fee agreement under Business and

---

[1] Nothing explains the discrepancy between the amount claimed in the April 1997 letter and the amount alleged in the complaint.

Professions Code section 6148, subdivision (a), barred plaintiff from collecting fees under a contract theory, and entitled them only to recovery under claims for common counts, whose statutes of limitations began to run in 1992 and expired in two or four years, before the filing of the instant complaint. Defendants also argued that the promissory note attached to the complaint does not constitute a written agreement and cannot be the basis of a common count for account stated because it reveals on its face that there was no definite and precise amount agreed upon, Thomas Berwald having crossed out the amount typed on the note and no other amount appearing on the face thereof.

In opposition, plaintiff argued that the causes of action for services rendered and account stated are "based upon a promissory note, not a fee agreement," by executing a promissory note, defendants allegedly waived any right to complain about noncompliance with Business and Professions Code section 6148, and that because the common counts are based on the promissory note, a four-year statute of limitations applies, which began to run at the date of the last payment on the account in 1995, and the claims were not barred by the statute of limitations.

After oral argument on the demurrer, the court sustained the demurrer without leave to amend on November 12, 1998. On November 23, 1998, plaintiff filed a motion for reconsideration of a proposed amendment to the complaint, seeking to set aside the ruling on the demurrer and allowing plaintiff to file an amendment to the complaint. Plaintiff submitted the declarations of Neil Papiano and Thomas Loftus; Loftus declared that he is an associate in plaintiff law firm, five days after the hearing on the demurrer, plaintiff commenced a search of the files in its office and discovered in a safe in the bookkeeper's office, where wills are normally kept, a promissory note executed by plaintiff and Thomas Berwald, dated May 13, 1992, in which Berwald agreed to pay plaintiff in monthly installments attorney's fees of $78,033.96; the newly discovered promissory note was not in the Berwald's litigation file at the time the complaint was prepared and filed, and there was nothing in the file to refresh their recollection that the note had been corrected and reexecuted. Papiano declared that he was the one who executed the promissory note on behalf of the plaintiff; "[u]nfortunately, the promissory note attached to the complaint was one in which Mr. Berwald disputed the stated amount because of 'billing errors,' which billing errors turned out to amount to just $200. A new promissory note . . . was then executed in accordance with the Berwald's request for a $200 reduction. . . . [¶] . . . The balance owed in the billing statements sent to the

Berwalds of $44,890.71 (paragraph 4 of the complaint) on the promissory note reflects an agreed-to correction of $200 for 'billing errors.' "[2]

Plaintiff proposed an amendment to the complaint changing the sum of $78,233.96 to $78,033.96, sought to substitute as an exhibit to the complaint the newly found note in place of the one previously attached to the complaint, and to change the language of the second cause of action to allege that an account was stated "within four years last past."

In opposition to the motion for reconsideration, defendants argued, inter alia, that plaintiff had failed to establish that with reasonable diligence it could not have discovered the alleged newly discovered evidence earlier. Defendants also argued that without a valid fee agreement within the meaning of Business and Professions Code section 6148, subdivision (a), "there can be no 'sum certain' at issue since there was never any fee agreement for work allegedly provided." Defendants also attached letters from plaintiffs in 1997 and 1998 which, according to defendants, showed that "As recently as 1998 plaintiff was still seeking to alter the amount allegedly owed, and admitted that no certain amount was ever agreed upon." Plaintiff's June 12, 1997, letter asserted that $45,055.92 was the correct balance due and owing; plaintiff's April 24, 1998, letter asserted that $44,890.71 was the amount owing.

In reply to the opposition, plaintiff admitted in its points and authorities that there was no written fee agreement under Business and Professions Code section 6148, but argued that under subdivision (c) of section 6148, it was entitled to collect reasonable fees, and "this reasonable fee in this matter is not left to guesswork, as both plaintiff and defendant Thomas Berwald executed the promissory note with an agreed-to amount owing."

After hearing on the motion for reconsideration, the court caused a minute order to be issued denying the motion and stating that "the moving party fails to satisfy the necessary element of diligence or reason for material not being presented for the earlier hearing. Assuming arguendo that there was diligence shown, the new material on its face would not cause the court to change its original ruling of sustaining the demurrer as to all counts and all defendants without leave to amend."

Plaintiff filed notice of appeal from the judgment of dismissal.

---

[2]It is unclear from the declarations how the billing and the complaint could acknowledge and take into account the correction for the alleged $200 in billing errors, as stated by Papiano, but "[t]here was nothing in the file to refresh our recollection that the Promissory Note had been corrected and re-executed," as stated by Loftus.

DISCUSSION

A complaint showing on its face the cause of action is barred by the statute of limitations is subject to general demurrer. (*Basin Construction Corp.* v. *Department of Water & Power* (1988) 199 Cal.App.3d 819, 823 [245 Cal.Rptr. 178].) Where a conclusion is alleged and also the special facts from which the conclusion is drawn, if the special facts are inconsistent with and do not support the conclusion, the former control, and the sufficiency of the complaint is to be determined from the special facts pleaded. (*C & H Foods Co.* v. *Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1063 [211 Cal.Rptr. 765].)

"In ruling upon the applicability of a statute of limitations, it has been recognized that courts will look to the nature of the rights sued upon rather than to the form of action or to the relief demanded. Neither the caption form, nor prayer of the complaint will conclusively determine the nature of the liability from which the cause of action flows. Instead, the true nature of the action will be ascertained from the basic facts . . . ." (*H. Russell Taylor's Fire Prevention Service, Inc.* v. *Coca Cola Bottling Corp.* (1979) 99 Cal.App.3d 711, 717 [160 Cal.Rptr. 411].)

Appellant does not contest the claim that in this case there was no attorney-client fee agreement within the meaning of Business and Professions Code section 6148 (hereinafter section 6148). Section 6148 generally provides that attorney fee contracts exceeding $1,000 "shall be in writing" and shall contain, inter alia, "The hourly rate and other standard rates, fees, and charges applicable to the case." (§ 6148, subd. (a)(1).) Subdivision (c) of section 6148 provides that "Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee."

We can ascertain as a matter of law from the instant promissory note attached to the complaint, and the proposed later-discovered note, that they fail to meet the requirements of section 6148. We thus find without merit appellant's argument that the promissory note constitutes a valid enforceable written contract. Because of the applicability of section 6148, we also find distinguishable the case of *Egan* v. *Bishop* (1935) 8 Cal.App.2d 119 [47 P.2d 500], cited by appellant.

Accordingly, where services have been rendered under a contract which is unenforceable because not in writing, an action generally will lie upon a common count for quantum meruit. (See *Parker* v. *Solomon* (1959) 171 Cal.App.2d 125, 134 [340 P.2d 353].) "The statute of limitations for quantum meruit claims is two years (see Code Civ. Proc., § 339 [action upon an 'obligation' . . . not founded upon an instrument in writing])". (*Maglica* v. *Maglica* (1998) 66 Cal.App.4th 442, 452 [78 Cal.Rptr.2d 101].) In that quantum meruit is a theory that implies a promise to pay for services as a matter of law for reasons of justice (*id.* at p. 456, fn. 14), and because there is no pleading of a valid contract within the meaning of section 6148, we conclude that the first cause of action for services rendered is governed by a two-year statute of limitations.

Whether that two-year statute of limitations commenced to run at the termination of the services in 1992, or in 1995, when respondents ceased payments and when, according to appellant, there was an alleged breach of the promissory note (see, e.g., *Long* v. *Rumsey* (1938) 12 Cal.2d 334, 343 [84 P.2d 146]), the first cause of action is untimely and barred by the statute of limitations because the complaint was not filed until 1998.

In its opening brief appellant claims that its first cause of action is not for quantum meruit, but "the allegations in Count I for money damages were based on the balance owed on the Promissory Note, as corrected by the accounting between the parties," and that the "applicable statute of limitations on a promissory note is four years from the time the cause of action accrues, that is, when the promise to pay is breached." The problem with this theory is that there is no evidence of any antecedent written fee agreement satisfying the provisions of section 6148, thus rendering any fee agreement voidable by the client; because there is no valid underlying contract for fees, the promissory note, which also fails to comply with section 6148, must also be voidable. If the instant promissory note were not also voidable under section 6148, the provisions of section 6148 would be able to be easily circumvented. We thus reject appellant's argument in its reply brief that by virtue of the promissory note, "All the elements of a valid enforceable written contract were pleaded."

We do not perceive any injustice in the application of the two-year statute of limitations under the circumstances of this case. It is clear from our record that the Berwalds must not have been paying in a timely fashion the monthly amount of $5,000 set out in the promissory note; if they had, the entire amount of the note, about $78,000, would have been paid off in under

two years, or sometime in early 1994; instead, by 1995, the Berwalds allegedly owed about $44,000. Thus, appellant had an opportunity, within the two-year statute of limitations, to bring an action against the Berwalds but failed to do so.

Assuming that the second cause of action otherwise states a claim for account stated, we conclude that it is also barred by the two-year statute of limitations in Code of Civil Procedure section 339, subdivision 1, which applies, inter alia, to obligations not founded upon an instrument in writing. Appellant contends that this claim is governed by the four-year statute of limitation of Code of Civil Procedure section 337, subdivision 2(2), for "an account stated based upon an account in writing, but the acknowledgment of the account stated need not be in writing."

However, section 6148, subdivision (b), requires that all bills for services rendered by an attorney to a client "shall clearly state the basis thereof, including the amount, rate, basis for calculation, or other method of determination of the member's fees." There is no writing in our record, and none is pleaded, which meets the requirements of section 6148, subdivision (b), so there is insufficient pleading of "an account stated based upon an account *in writing*." (Italics added.) It would be anomalous for appellant's billing or other writings in this case to fail to meet the requirements of section 6148, yet somehow be deemed a sufficient writing within the meaning of Code of Civil Procedure section 337, subdivision 2(2). Such a result would make section 6148 meaningless. As appellant fails to provide us with any applicable authority which militates in favor of resolving this issue in its favor, we conclude that the pleading is insufficient to plead the existence of a valid "account stated based on an account in writing."

Because the allegations here are insufficient as a matter of law to establish a claim for an account stated based on an account in writing within the meaning of Code of Civil Procedure section 337, subdivision 2(2), we conclude that the claim is governed by the two-year statute of limitations in Code of Civil Procedure section 339, subdivision 1. As the last payment on the account was in 1995, the claim is barred by the statute of limitations.

The foregoing points apply whether we consider the original promissory note attached to the complaint, or the later-discovered one. Accordingly, we conclude that our record reveals no error or abuse of discretion by the trial court in denying the motion for reconsideration.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to costs on appeal.

Woods, J., and Neal, J., concurred.

A petition for a rehearing was denied December 15, 1999, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 15, 2000.