IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| EGP INVESTMENTS, LLC, a<br>Washington Limited Liability Company, | ) ) ) | No. 69405-7-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| JONES LAW GROUP, P.L.L.C., a<br>Washington Professional Limited<br>Liability Company; and MARIANNE K.<br>JONES and PATRICK A.T. JONES,<br>individually and as husband and wife, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants. | ) ) | FILED: January 13, 2014 |

2014 JAN 13 AM 9: 50
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

SCHINDLER, J. — Marianne K. Jones personally guaranteed a business line of credit for Jones Law Group PLLC. EGP Investments LLC filed a lawsuit against Jones and the marital community of Marianne Jones and Patrick A.T. Jones on the personal guaranty. Jones contends the court erred in granting summary judgment in favor of EGP and entering a judgment against her and the martial community in the amount of $109,426.04, plus attorney fees and costs in the amount of $8,720. We affirm.

## FACTS

On June 2, 2004, Marianne K. Jones called Wells Fargo Bank to apply for a business line of credit for her solely-owned professional limited liability company, Jones Law Group PLLC. Jones agreed that her "paperless application" could be tape-

recorded. Jones provided business and personal financial information and authorized

Wells Fargo to verify the information. Jones told the representative that she wanted the

"checks and . . . business card MasterCard" in her name and agreed that if the line of

credit was approved, Wells Fargo could use the tape recording "as evidence that [she]

agreed to the terms and conditions of the Customer Agreement." Jones also agreed

that California law would apply to her agreement and she would personally guarantee

the business line of credit. The transcript of the tape recording states, in pertinent part:

> WELLS FARGO REPRESENTATIVE: . . . Your application
> is now complete. I need to just take one final moment to read you some
> legal disclosures that's required for paperless application. For legal
> purposes all responses must either be the word "yes" or the word "no".
> This information will be sent to you in writing when your account is open.
> Marianne Jones, by accepting this business line offer you have
> authorized Wells Fargo Bank to obtain your personal and business credit
> information and, if approved, you also agree on behalf of Jones Law
> Group, PLLC that Wells Fargo may use this tape-recording or any use of
> your business line by anyone authorized by Jones Law Group, PLLC as
> evidence that you agreed to the terms and conditions of the Customer
> Agreement that you will receive.
> . . . .
> California law will apply to your oral agreement.
> If you understand and agree, please respond now with a "yes". If
> you do not, please respond now with a "no".
> Do you understand and agree to these terms?
> MARIANNE JONES: Yes.
> WELLS FARGO REPRESENTATIVE: . . . Ms. Jones, as the
> personal guarantor you individually guaranty to pay Wells Fargo upon
> demand all that your business owes on the business line account. As the
> guarantor you authorize Wells Fargo without notice or prior consent to
> change any of the terms of the amounts of your business's business line
> account. In addition, you agree to pay attorneys fees and other expenses
> incurred in enforcing this guaranty. This guaranty benefits the Wells
> Fargo Bank and its successors and assigns.
> Finally, you agree this audiotaped application may be used as
> evidence of your agreement to the terms of this guaranty.
> If you understand and agree, please respond now with a "yes". If
> you do not, please respond now with a "no".
> Do you understand and agree to these terms and conditions?
> MARIANNE JONES: Yes.

After approving the revolving business line of credit and opening the account, Wells Fargo mailed Jones the "BusinessLine® Customer Agreement" (Agreement), and the checks and MasterCard issued in her name. The Agreement states that by using the checks or BusinessLine MasterCard, Jones agreed "to the terms and conditions of this BusinessLine Customer Agreement." The Agreement states, in pertinent part:

> Customer will be bound by the terms and conditions of the Agreement from the time the account is opened. Use of SUPERCHECKS™ or a BusinessLine MasterCard®, or a request for a transfer from the account by anyone authorized by the Customer, shall evidence the Customer's agreement to the terms and conditions of this BusinessLine Customer Agreement. The account will be used for business purposes only. Customer agrees to comply with each and every term and condition of this Agreement as set forth below.

Jones used the business line of credit checks and the MasterCard. Wells Fargo sent Jones monthly statements for the account listing the previous balance, purchases, credits, payments, cash advances, the current payment due, and the amount of credit available.

The last payment Jones made on the account was November 13, 2009. On May 3, 2011, EGP Investments LLC purchased the account receivable from Wells Fargo. On June 30, the Wells Fargo Collection Manager verified that the last payment on the "MARIANNE JONES, DBA JONES LAW GROUP PLLC" account was made November 13, 2009 and the ending balance on May 3, 2011 was $84,170.40.

On October 11, 2011, EGP filed a lawsuit against Jones individually and the martial community for the past due amount owed on the account. EGP later filed an amended complaint alleging breach of contract based on the personal guaranty.

On June 8, 2012, EGP filed a motion for summary judgment. Jones filed a cross motion to dismiss the complaint under CR 12(b)(2) and (5) for lack of personal

3

jurisdiction and insufficient service of process. Jones argued EGP did not timely serve her within the two-year statute of limitations. The court continued the hearing and ordered the parties to submit additional briefing on whether California law governed, the statute of limitations, and whether Jones was liable on the personal guaranty.

At the hearing on August 22, the parties agreed that California law governed. The parties disagreed on the applicable statute of limitations and whether the personal guaranty was enforceable.

The court granted EGP's motion for summary judgment and denied the cross motion to dismiss the complaint. The court concluded that the four-year statute of limitations applied under California law and the personal guaranty was enforceable. The court ruled that Jones had "no viable statute of limitations defense to Plaintiff's claims under California law." The court found that the law firm "obtained money, goods, and/or services under the revolving charge account at issue in the lawsuit," and the law firm and Jones "failed to repay the sums owing under the account with interest pursuant to the written account agreement concerning said account and Ms. Jones's personal guaranty." The court ruled that EGP was entitled to a judgment in the amount of $84,170.40 plus prejudgment interest of $25,255.64, for a total of $109,426.04 against Jones and the marital community for breach of contract "based on their guaranty of the subject account as a matter of law."

The court entered judgment against "Defendants Marianne K. Jones, in her separate capacity, and the marital community comprised of Marianne K. Jones and Patrick A.T. Jones, wife and husband," for $109,426.04. The court also entered a

judgment awarding EGP attorney fees and costs in the amount of $8,720. Jones appeals.

## ANALYSIS

Jones contends the court erred in concluding the four-year statute of limitations governs and the personal guaranty is enforceable. Jones asserts the oral guaranty of the business line of credit is governed by a two-year statute of limitations under California law. Jones also argues her oral guarantee is unenforceable because it is not in writing or signed, and she did not receive consideration.

We review summary judgment de novo. Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993). We also treat Jones's cross motion to dismiss as a motion for summary judgment because the court considered matters outside the pleadings. Sea-Pac Co. v. United Food & Commercial Workers Local Union 44, 103 Wn.2d 800, 802, 699 P.2d 217 (1985). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c); Hansen v. Friend, 118 Wn.2d 476, 485, 824 P.2d 483 (1992). If in viewing all of the evidence reasonable minds could reach only one conclusion, summary judgment is appropriate. Hansen, 118 Wn.2d at 485.

Statute of Limitations

The parties agree California law governs but disagree as to the applicable statute of limitations. Jones argues the statute of limitations is two years under section 339(1) of the California Code of Civil Procedure because the underlying contract between Wells Fargo and Jones Law Group was "based upon an oral agreement for a business line of credit." EGP contends the statute of limitations is four years under the California

Code of Civil Procedure section 337 based on the transcript of the tape-recorded phone application and the terms and conditions of the Agreement.

Under the California Code of Civil Procedure, the statute of limitations for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing" is two years. CAL. CODE CIV. PROC. § 339(1). A two-year statute of limitations applies where the contract is entirely oral and there is nothing in writing to evidence the terms of the agreement or the obligations sued upon. See, e.g., Mello v. Great Seneca Fin. Corp., 526 F. Supp. 2d 1024, 1029 (C.D. Cal. 2007) (holding that the two-year statute of limitations applied where creditor failed to produce a written contract); Iverson, Yoakum, Papiano & Hatch v. Berwald, 76 Cal. App. 4th 990, 996-97, 90 Cal. Rptr. 2d 665 (1999) (holding that the two-year statute of limitations applied where law firm sued former client for past due amounts but there was no writing to evidence what services had been rendered or what was owed).

Under the California Code of Civil Procedure section 337(1), the statute of limitations for "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" is four years.

For purposes of the four-year statute of limitations, a contract is "in writing" under California law if the party accepts the offer subject to a written contract. Amen v. Merced County Title Co., 58 Cal. 2d 528, 532, 375 P.2d 33 (1962). In Amen, the California Supreme Court held that a "contract may be 'in writing' for purposes of the statute of limitations even though it was accepted orally or by an act other than signing" if the party has accepted the offer and agreed to the terms of a written contract. Amen, 375 P.2d at 35.

6

In Amen, the purchaser of real property sued the escrow holder for breach of contract based on the failure to comply with the written escrow instructions. Amen, 375 P.2d at 34. The escrow holder had prepared the instructions. The escrow instructions included the provision that "this escrow is accepted by your [escrow holder] subject to all terms and conditions set forth herein." Amen, 375 P.2d at 34.[1] The buyer and seller each signed the instructions but the escrow holder did not. Amen, 375 P.2d at 34. The supreme court held that a four-year limitations period applied because "if the escrow holder prepares the instructions, offers to perform them, and the buyer and seller accept the offer, an action for failure to comply with the instructions is on a written contract." Amen, 375 P.2d at 35. The court concluded that as long as the party to be charged with a written contract "has agreed to the writing, there is no reason to invoke the two-year statute of limitations applicable to oral agreements." Amen, 375 P.2d at 35.

Because the oral agreement is "founded upon an instrument in writing" and subject to the written Agreement, the court did not err in concluding the four-year statute of limitations under the California Code of Civil Procedure section 337(1) applies. Jones accepted the terms and conditions of the account over the phone, and again when she used the account. Jones agreed that "Wells Fargo may use this tape-recording or any use of your business line . . . as evidence that you agreed to the terms and conditions of the Customer Agreement." The Agreement sets forth the terms and conditions in detail. The Agreement expressly states that Jones would "be bound by the terms and conditions of the Agreement from the time the account is opened," and that use of services offered through the account, such as the checks or MasterCard, would

---

[1] (Internal quotation marks omitted.)

"evidence the Customer's agreement to the terms and conditions of this BusinessLine Customer Agreement."[2]

E.O.C. Ord, Inc. v. Kovakovich, 200 Cal. App. 3d 1194, 246 Cal. Rptr. 456 (1988) is analogous. In E.O.C., the parties orally agreed to a contract and the plaintiff later sent the defendant a letter confirming the terms of the oral agreement. E.O.C., 200 Cal. App. 3d at 1196-97. The parties subsequently had a telephone conversation during which defendant stated he agreed to the terms of the letter. E.O.C., 200 Cal. App. 3d at 1197. The court held that the parties' agreement was governed by the four-year statute of limitations for written contracts, explaining, "The requirements are only that there be a writing containing all terms and that there be acceptance by the party to be charged." E.O.C., 200 Cal. App. 3d at 1201-02. The court concluded the defendant manifested his acceptance to the writing when he orally agreed to its terms in the parties' subsequent telephone conversation. E.O.C., 200 Cal. App. 3d at 1202. The agreement thus "became one that was founded on an instrument in writing." E.O.C., 200 Cal. App. 3d at 1202.

Jones also argues that because the account with Wells Fargo was a "business line" of credit and not a "revolving charge account," the two-year statute of limitations applies. Jones relies on Archer v. United Rentals, Inc., 195 Cal. App. 4th 807, 126 Cal. Rptr. 3d 118 (2011), to argue California distinguishes between business and consumer credit cards. Archer is in opposite. In Archer, the court held that California distinguishes between business and consumer credit cards for purposes of privacy

---

[2] Under California law, the four-year statute of limitations also applies to consumer credit card agreements. See Resurgence Fin., LLC v. Chambers, 173 Cal. App. 4th Supp. 1, 92 Cal. Rptr. 3d 844, 849 (Dep't Super. Ct. 2009) (noting that California Code of Civil Procedure section 337 applies to consumer credit card collection actions).

protection under the Song-Beverly Credit Card Act of 1971. <u>Archer</u>, 126 Cal. Rptr. 3d at 130. The court in <u>Archer</u> does not address the statute of limitations.

Because the statute of limitations on the Wells Fargo business line agreement is four years under California law, the statute of limitations on the personal guaranty of the account is also four years. <u>R.N.C., Inc. v. Tsegeletos</u>, 231 Cal. App. 3d 967, 971, 283 Cal. Rptr. 48 (1991) (absent a different contractual provision, the liability of the surety accrues at the same time as that of the principal, or upon default of the principal, for statute of limitations purposes); <u>Bloom v. Bender</u>, 48 Cal. 2d 793, 799, 313 P.2d 568 (1957) (as a general rule, the liability of the guarantor accrues at the same time as that of the principal or upon default of the principal).

<u>Personal Guaranty</u>

Even if the four-year statute of limitations applies, Jones contends the personal guaranty is unenforceable under California law, specifically California Civil Code section 2794(4). Jones argues the oral guaranty is unenforceable because she received "no separate consideration" for the personal guaranty, and the guaranty was not "in writing and signed by the guarantor."

Written and oral guaranties are enforceable under California law. As a general rule, a guaranty "must be in writing, and signed by the surety."[3] CAL. CODE CIV. § 2793. But an oral promise "to answer for the debt, default, or miscarriage of another" is enforceable if it meets one of the exceptions set forth in California Civil Code section 2794. CAL. CODE CIV. § 1624(a)(2). Section 2794 sets forth six exceptions where a

---

[3] Jones cites to California Civil Code section 2792 to support her argument that the guaranty is unenforceable because there was no separate consideration. However, this statute is inapplicable because it concerns written and signed suretyship obligations, not the kind of oral guaranty at issue here.

guaranty is "an original obligation of the promisor, and need not be in writing," including "[w]here the promise is upon a consideration beneficial to the promisor." CAL. CODE CIV. § 2794(4).

Consideration under California Civil Code section 2794(4) need not be pecuniary. See Schumm v. Berg, 37 Cal. 2d 174, 187-88, 231 P.2d 39 (1951) (holding that a promise to name a child after the promisor was adequate consideration under California Civil Code section 2794(4)); Farr & Stone Ins. Brokers, Inc. v. Lopez, 61 Cal. App. 3d 618, 132 Cal. Rptr. 641, 642 (1976) (holding that there was sufficient consideration to enforce an oral guaranty where the promisor's children benefited professionally and his own business reputation was protected).

" '[W]henever the leading and main object of the promisor is not to become surety or guarantor of another, but to subserve some purpose or interest of his own,' " it is enforceable under the exception in California Civil Code section 2794(4), " 'although the effect of the promise may be to pay the debt or discharge the obligation of another.' " Schumm, 37 Cal. 2d at 187 (quoting 12 CAL. JUR., 869).

In addition, where the promisor gives the guaranty "for his own pecuniary or business advantage," the guaranty "is deemed an original obligation of the promisor and need not be in writing." Michael Distrib. Co. v. Tobin, 225 Cal. App. 2d 655, 664, 37 Cal. Rptr. 518 (1964). In Tobin, a corporate officer and principal stockholder of a construction company orally promised a lumber supplier that he would personally guaranty a loan if the supplier would continue to deliver lumber. Tobin, 225 Cal. App. 2d at 658-59. On appeal, the court held that the oral promise was enforceable under California Civil Code section 2794(4) because the corporate officer had a direct and

personal interest in the use of the lumber as well as a pecuniary benefit that he hoped to gain from the completed project. Tobin, 225 Cal. App. 2d at 665-66.

Here, the personal guaranty is enforceable. Jones was the "personal guarantor." Jones expressly agreed to "individually guaranty to pay Wells Fargo upon demand" all amounts owed on the business line of credit account. As in Tobin, there is no dispute that Jones had a direct and personal interest as well as a pecuniary benefit in obtaining the line of credit from Wells Fargo for her wholly-owned law firm.[4]

EGP requests attorney fees and costs on appeal. Upon compliance with RAP 18.1, EGP is entitled to an award of attorney fees and costs on appeal. The Agreement between Jones and Wells Fargo contains a provision that requires payment of "all costs and expenses, including any attorney's fees incurred in enforcing this Agreement."

We affirm the order granting summary judgment and the judgment entered against Jones and her marital community for $109,426.04, and the judgment for attorney fees and costs of $8,720.

WE CONCUR:

---

[4] Jones stated in her application that she owned "100 percent" of Jones Law Group.

11