Filed 1/22/14  Vinyl Fence America v. Canyon Gate HOA CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| VINYL FENCE AMERICA COMPANY, | |
| Plaintiff and Appellant, | G048081 |
| v. | (Super. Ct. No. 30-2012-00556010) |
| CANYON GATE HOMEOWNERS ASSOCIATION et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed in part and reversed in part.

Gates, O'Doherty, Gonter & Guy and Victor L. Block for Plaintiff and Appellant.

Macrae & Edrington, Jean Moriarty; Law Office of Priscilla Slocum and Priscilla Slocum for Defendants and Respondents.

\*          \*          \*

Plaintiff Vinyl Fence America Company (Vinyl Fence) appeals from the dismissal of its second amended complaint after an order sustaining a demurrer.  We reverse the dismissal with respect to three causes of action alleged against defendant Canyon Gate Homeowners Association (HOA), namely, breach of contract, account stated, and open book account.  As to these causes of action, Vinyl Fence sufficiently alleged defendant Diane Simon's actual or ostensible authority to bind the HOA to the alleged contract.  We affirm the dismissal with respect to the other two causes of action alleged against the HOA, namely, unjust enrichment and quantum meruit.  These causes of action are barred by the statute of limitations.  We also affirm the dismissal with respect to the fraud and negligent misrepresentation causes of action alleged against defendants Future Management Services, Inc. (Future Management), and Simon.  These causes of action are likewise barred by the statute of limitations.

FACTS

According to Vinyl Fence's complaint, it agreed to install fencing for the HOA pursuant to a written contract signed in April of 2008.  Future Management is the HOA's property management company, and Simon is the individual at Future Management who operates as the HOA's agent.  "To more specifically describe the location of the fencing work to be done pursuant to the contract, Diane Simon, within the course and scope of her agency as an employee of Future Management Services, Inc. and thus, as an agent of the [HOA], provided plaintiff with 2 maps of the subject property.  In providing the maps, Diane Simon made the representation that the maps were correctly labeled and could be relied upon in determining the scope and location of the fencing work."  Some of the fencing was installed in the wrong location.  Each party blames the other for the error.  In July of 2008, Simon, "acting within the course and scope of her

2

agency . . . told plaintiff that the Board of the [HOA] had approved a written change order of $11,500.00" to correct the error.

The "written change order" attached to the second amended complaint is an invoice Vinyl Fence sent to the HOA (the July invoice). The July invoice had a signature block, which stated, "Signed acceptance of this invoice indicates that customer agrees to payment terms and above description of material ordered." The July invoice was not signed. The invoice also described the services to be provided, the amount to be paid, and indicated "Full Amount to Be Due in Full on or Before _____, 2009 . . . ."

Vinyl Fence installed the additional fencing. Two months later, the HOA sent Vinyl Fence a letter blaming Vinyl Fence for the initial error but offering to pay Vinyl Fence either half of the $11,500 asking price, or the full amount over three years. Vinyl Fence apparently did not agree to either, and the HOA never paid Vinyl Fence.

As to Future Management and Simon, the second amended complaint alleged fraud and negligent misrepresentation based on allegations that Simon misrepresented her authority to approve the contract on behalf of the HOA.

Fast forward to March of 2012. Vinyl Fence filed its initial complaint After two amendments to the complaint and one demurrer sustained with leave to amend, the court sustained a demurrer to the second amended complaint without leave to amend. It stated, "Defendants' successful argument is any applicable statute of limitation ha[s] run. The only possible limitations period that would save the complaint is the four-year statute found in Code of Civil Procedure section 337 for actions on written contract, . . . open book account, and account stated. [¶] A written agreement referred to in [Code of Civil Procedure] section 337 need not be signed by the party to be charged, as it must under the Statute of Frauds. [Citation.] But there must be acceptance. [Citation.] [¶] Vinyl [Fence]'s complaint alleges the contrary. It alleges Simon lied . . . by saying [the HOA] approved the additional work. . . . [¶] With regard to [the] open book and account stated causes of action, they may not be used to obtain the four-year limitations period

3

when the claim is really based on an oral contract. [Citation.] And the causes of action may not be based merely on an invoice." The court entered judgment in favor of defendants. Vinyl Fence timely appealed.

DISCUSSION

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

We begin by agreeing with the court's observation that this action survives, if at all, only under the four-year limitations period of Code of Civil Procedure section 337. The latest any of the causes of action could have accrued was in September 2008 when the HOA sent the letter to Vinyl Fence attributing the error to Vinyl Fence but offering two different payment plans. At that point it was plain the HOA was not going to pay according to the July invoice. This action was not filed until March of 2012, more than three years later.

This immediately eliminates four causes of action. As to the causes of action alleged against Future Management and Simon, fraud is governed by a three-year statute. (Code Civ. Proc., § 338, subd. (d).) Negligent misrepresentation is governed by

4

either a two- or three-year statute, depending on the gravamen of the claim. (*Smith v. Ben Bennett, Inc.* (2005) 133 Cal.App.4th 1507, 1525.) As to two of the causes of action alleged against the HOA, the claim for unjust enrichment is governed by a three-year statute. (*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 348.) And the claim for reasonable value of work, labor, materials and services (i.e. quantum meruit) is governed by a two-year statute. (*Iverson, Yoakum, Papiano & Hatch v. Berwald* (1999) 76 Cal.App.4th 990, 996.) What remains is breach of written contract, account stated, and open book account, which are governed by a four-year statute. (Code Civ. Proc., 337, subds. (1)-(2).)

*The Second Amended Complaint Adequately Alleges Simon's Actual or Ostensible Authority*

As we understand the court's ruling with respect to breach of a written contract, the court held not that it was untimely, but that Vinyl Fence failed to adequately allege that the HOA accepted the offer memorialized in the July invoice.

We asked the parties to submit supplemental briefing on the issue of whether Simon had ostensible authority to communicate acceptance on behalf of the HOA, an issue not considered by the trial court. Both parties submitted briefs. We now conclude the second amended complaint adequately alleges facts constituting a claim that Simon had actual, or, at minimum, ostensible authority to accept the change order on behalf of the HOA.

The second amended complaint expressly alleged Simon had actual authority to communicate acceptance of Vinyl Fence's offer of additional work.[1] The trial court was concerned that, in the fraud cause of action against Future Management and Simon, Vinyl Fence alleged Simon *falsely* claimed the HOA had accepted the offer

---

[1] "On or about July 9, 2008, [Simon], acting within the course and scope of her agency for [Future Management], and thus as an agent for the [HOA], told plaintiff that the Board of the [HOA] had approved a written change order of $11,500.00 . . . ."

5

of additional work, and that she *falsely* claimed to have the authority to accept the offer of additional work. The allegations appear contradictory. But "a party may plead in the alternative and may make inconsistent allegations." (*Adams v. Paul* (1995) 11 Cal.4th 583, 593.) Presumably Vinyl Fence does not have direct evidence of the actual extent of Simon's authority, and thus it is proper for Vinyl Fence to make alternative allegations.

Even if the contradictory allegations had undermined a claim of actual authority, moreover, they are sufficient to allege ostensible authority. "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Civ. Code, § 2317.) "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." (Civ. Code, § 2334.) "'It is elementary that there are three requirements necessary before recovery may be had against a principal for the act of an ostensible agent. The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; such belief must be generated by some act or neglect of the principal sought to be charged; and the third person in relying on the agent's apparent authority must not be guilty of negligence.'" (*Associated Creditors' Agency v. Davis* (1975) 13 Cal.3d 374, 399.) In resolving this issue, we are mindful of the liberal standard of review: "The complaint must be construed liberally by drawing reasonable inferences from the facts pleaded." (*Rodas v. Spiegel* (2001) 87 Cal.App.4th 513, 517.)

With respect to the first element, the complaint states Vinyl Fence "justifiably relied" on Simon's representation that the HOA had accepted the change order. In other words, Vinyl Fence believed Simon had authority to communicate acceptance of the offer of additional work and performed the work accordingly. Whether that belief was reasonable is for a jury to decide. Given that the HOA appointed Simon

6

as its agent in dealing with Vinyl Fence concerning the fencing contract, we cannot say as a matter of law that it was unreasonable.

With respect to the second element, an act by the principal, the alleged act of the HOA was to appoint Simon as its agent to interface with Vinyl Fence concerning implementation of the fencing contract. Vinyl Fence alleges the communication of the HOA board's acceptance was done within the "course and scope" of Simon's agency.

With respect to the third element, absence of negligence, nothing in the second amended complaint would lead us to conclude Vinyl Fence was negligent as a matter of law. The HOA cites *Associated Creditors' Agency v. Davis*, *supra*, 13 Cal.3d 374, for the proposition, "'When the conduct of the principal warrants further inquiry or when the third party is dealing with an assumed agent, the third party is bound at his peril, if he would hold the principal liable, to ascertain not only the fact of the agency but the nature and extent of the authority.'" (*Id*. at p. 401.) We note, however, there is nothing in the complaint suggesting any conduct by the HOA that would warrant further inquiry into Simon's authority. And we must accept as true that Vinyl Fence was not dealing with an "assumed agent," but an actual agent appointed by the HOA. It would be a matter of defense for the HOA to prove that Vinyl Fence was on inquiry notice that the extent of Simon's authority was limited. Thus, we cannot conclude as a matter of law that Vinyl Fence was on inquiry notice that Simon had surpassed her actual authority in communicating acceptance of the additional work. The HOA points out that the original contract lists the HOA president and director as authorized agents, but it does not say they are the exclusive agents. And we must accept the allegation that Simon was also an agent.

7

The HOA is free to challenge these allegations and inferences at later stages of the case, of course. But for now, Vinyl Fence's second amended complaint sufficiently states a claim that Simon had actual authority, or at least ostensible authority, to communicate the HOA's acceptance of the additional work order.

*According to the Allegations of the Second Amended Complaint, the Causes of Action for Breach of Contract, Account Stated, and Open Book Account are Not Barred by the Statute of Limitations*

Next, the HOA contends we should affirm on statute of limitation grounds because the July invoice cannot be an "instrument in writing" for purposes of Code of Civil Procedure section 337. We disagree. The HOA relies primarily on *Filmservice Laboratories, Inc. v. Harvey Bernhard Enterprises, Inc.* (1989) 208 Cal.App.3d 1297 (*Filmservice*), which we find distinguishable. There, plaintiff entered into an oral contract to manufacture prints of a certain movie. (*Id.* at p. 1301.) Plaintiff performed the work, and three months later, plaintiff sent defendant two invoices for its work pursuant to the agreement. (*Id.* at p. 1302.) Plaintiff was not paid and filed suit just over three years later. (*Id.* at p. 1301.) To get around the statute of limitations for oral contracts, plaintiff contended the invoices superseded the oral agreement and created either an open book account or an account stated. (*Id.* at p. 1307.) The court disagreed, stating, "[N]o facts have been alleged which give rise to any reasonable inference that the oral contract was superseded by an open book account or account stated agreement. The mere existence of two invoices . . . do not evidence such accounts. Those invoices simply memorialize the oral contract." (*Id.* at p. 1307.)

The HOA latches onto the latter statement and contends the invoice in question here simply memorializes an oral agreement. The HOA reads too much into *Filmservice*. *Filmservice* does not stand for the broad proposition that agreements reached orally and then memorialized in writing by an invoice are per se oral agreements for purposes of deciding which statute of limitation to apply. Deals are often struck

8

orally and then memorialized in writing, and it is precisely *because* they are memorialized in writing that the four-year statute applies. (*Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528, 532-533 ["A longer period of limitations applies to actions on written contracts than to actions on oral contracts, since the writing is clear evidence in permanent form of the terms of the agreement. [Citations.] When a party has agreed to the writing, there is no reason to invoke the two-year statute of limitations applicable to oral agreements"].) The *Filmservice* court was simply commenting on the pleading before it, and in particular the absence of an agreement to convert from an oral agreement to an open book account or account stated.

Here, there is no issue of converting from one type of arrangement to another. Unlike the invoices in *Filmservice*, the July invoice was prepared the same day the deal was struck. Vinyl Fence alleged that the HOA, by its agent Simon, approved the written invoice (characterized as a change order) before the work began. It was not created after the work had been done pursuant to an earlier oral agreement. The July invoice contained a signature block, and also contained all of the terms of the agreement — the nature of the services, the amount to be paid, and time period in which to pay ("Due on receipt"). (See *Tagus Ranch Co. v. Hughes* (1944) 64 Cal.App.2d 128, 130 ["It is well established that in order to come within this four-year statute the writing in question need not contain an express promise to pay. It is sufficient, under the decisions of this state, if the writing acknowledges the debt and sets forth a state of facts from which the obligation or liability to pay necessarily and directly flows"].) True, the signature block was unsigned. But as the trial court noted, for purposes of deciding which statute of limitations applies, the written agreement need not be signed. (*Amen v. Merced County Title Co.*, *supra*, 58 Cal.2d at p. 532 ["The contract may be 'in writing' for purposes of the statute of limitations even though it was accepted orally or by an act other than signing"].) Accordingly, under the allegations of the second amended

9

complaint the July invoice may serve as an "instrument in writing" under Code of Civil Procedure section 337.

Because we conclude the allegations of the second amended complaint do not establish that the breach of contract cause of action is barred by the four-year statute of limitations, we do not address Vinyl Fence's alternative argument in support of its pleading that the September 2008 letter constituted a written acknowledgement of indebtedness pursuant to Code of Civil Procedure section 360.

*The Allegations of the Second Amended Complaint do not Establish as a Matter of Law That the Contract Is Unenforceable Under Business and Professions Code Section 7159*

The HOA alternatively contends that even if the invoice is a written contract, it is unenforceable because it did not comply with the home-improvement contract requirements of Business and Professions Code section 7159 (section 7159). We join the trial court in rejecting that argument. Section 7159 is a consumer protection statute requiring, among other things, that home improvement contracts be signed by the owner. (*Id.*, subd. (c)(3).) The July invoice was not. Thus it did not comply with section 7159. Nonetheless, assuming, without deciding, that the HOA qualifies as an "owner" or "tenant" such that section 7159 applies, that section affords no basis for concluding the contract is unenforceable.

Our high court has held there is "no indication that the Legislature intended that *all* contracts made in violation of section 7159 are void." (*Asdourian v. Araj* (1985) 38 Cal.3d 276, 292.) "A wide range of exceptions has been recognized." (*Id.* at p. 291.) In particular, where the owner is sophisticated, and thus "not [a member] of the group primarily in need of the statute's protection," the contract will be enforced. (*Id.* at p. 292.) Importantly, because noncompliance with section 7159 is an affirmative defense, it is the HOA's burden to prove it is the sort of unsophisticated consumer the statute was meant to protect. (*Hinerfeld-Ward, Inc. v. Lipian* (2010) 188 Cal.App.4th 86, 93.) We

10

have no evidence to consider at this stage, however, and according to the second amended complaint the HOA operates through a property management company, and is thus presumably sophisticated. At the demurrer stage, therefore, there is no basis for finding the written agreement unenforceable.

*The Second Amended Complaint Adequately Alleges Common Counts for an Account Stated and an Open Book Count*

Finally we address the remaining common counts for account stated and open book account. "A common count is not a specific cause of action . . . ; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory. [Citations.] When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable." (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 394.) Here, the common counts seek the same relief as the contract count. Since the demurrer was improperly sustained as to Vinyl Fence's contract count, therefore, it was improperly sustained as to the common counts.

## DISPOSITION

The judgment is reversed as to the causes of action for breach of written contract, account stated, and open book count.  The judgment is affirmed as to the causes of action for unjust enrichment, quantum meruit, fraud, and negligent misrepresentation. Vinyl Fence shall recover its costs on appeal.


IKOLA, J.

WE CONCUR:


FYBEL, ACTING P. J.


THOMPSON, J.